IN RE ESTATE OF EDWARD H. EVERETT, MARY E. TURRI,
APPELLANT.

February Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES and STURTEVANT, JJ.,
and CLEARY, Supr. J.

Opinion filed May 4, 1943.

*McNamara & Larrow* for the appellant.

*Warren R. Austin* and *Collins M. Graves* (*E. Barton Chapin* of counsel) for the estate.

MOULTON, C. J. After a prolonged, bitter and inconclusive litigation over the will of Edward H. Everett, who died on April 26, 1929, (See *Everett* v. *Wing,* 103 Vt 488, 156 A 393, cert. den. 284 US 690, 52 S Ct 266, 76 L Ed 582, and *In re Everett's Will,* 105 Vt 291, 166 A 827) all the parties in interest entered into an agreement of settlement, dated June 14, 1934, in accordance with which the will was allowed and admitted to probate, the executrix named by the testator received letters testamentary and an administrator c. t. a. was appointed to serve with her. Under date of June 18, 1936, after notice by publication, the Probate Court for the District of Bennington approved the final account of the executrix and the administrator c. t. a. and made a decree of distribution. No appeal was taken but on June 21, 1938, Mary E. Turri, a daughter and heir at law of the testator brought a petition to the Probate Court, asking that the decree should be declared void and stricken from the record and a hearing held, wherein the correctness of the account should be reexamined. The petition was denied on December 18, 1939, and Mrs. Turri, hereinafter called the appellant, prayed for an appeal, which was allowed. The estate, represented by the executrix and administrator c. t. a., moved in County Court to dismiss the appeal on the ground that the bond furnished by the appellant was not such as is required by P. L. 3010. The motion was granted and the appellant brought the cause to this court on exceptions, with the result that the bond was held sufficient, the judgment below reversed and the cause remanded. *In re Estate of Edward H. Everett,* 112 Vt 252, 23 A 2d 202.

After remand, the estate filed two more motions to dismiss the appeal, one on the ground that the appeal was not in accordance with the provisions of P. L. 3005, as construed in *In re Walker Trust Estate,* 112 Vt 148, 22 A2d 183; and the other on the grounds that the petition to the Probate Court was a petition for a

new trial and was not brought within two years after the date of the decree as claimed to be required by P. L. 2108, and that the recognizance was not in accord with the requirements of P. L. 2114. These motions were denied, *pro forma,* and the cause passed to this court once more, upon exceptions by the estate, under the provisions of P. L. 2072.

■ ■ There is, however, a preliminary question as to the jurisdiction of the Probate Court to entertain the petition in the first instance, for if it had none, the county court had none on appeal. *Hodges' Adm'r* v. *Hodges' Est.,* 90 Vt 214, 216, 97 A 676; *In re Parson's Est.,* 64 Vt 193, 196, 23 A 519. This issue has not been raised either here or below, but if the trial court was without jurisdiction of the subject matter we are equally without it, and where we find this to be the situation we do not wait for the claim to be made but dismiss the action on our own motion. *Aguirre* v. *Aja,* 113 Vt 123, 30 A2d 88, 89; *Glass* v. *Newport Clothing Co.,* 110 Vt 368, 373, 8 A2d 651; *Smith* v. *White Est.,* 108 Vt 473, 480, 188 A 901; *Hunt* v. *Paquette,* 102 Vt 403, 404, 148 A 752; *Hinsman* v. *Marble Savings Bank,* 100 Vt 48, 50-1, 134 A 635; *Town of Barton* v. *Town of Sutton,* 93 Vt 102, 104, 106 A 583; *Fillmore, Admr.* v. *Morgan, Adm'x.,* 93 Vt 491, 492, 108 A 840; *Miner's Ex'x* v. *Shanasy,* 92 Vt 110, 112, 102 A 480.

The decree approved the account of the executrix and the administrator c. t. a. dated September 19, 1935, covering their proceedings for the previous year and also their final account; it ordered the establishment of a trust fund for the benefit of certain minor heirs at law, as provided for in the agreement of settlement; it ordered that the balance of cash on hand, after the payment of certain taxes on real estate, probate fees and fees of counsel and of the executrix and administrator c. t. a., should be held and used by the executrix and administrator c. t. a. for the further administration of the estate in Vermont and Ohio, and, upon the completion thereof, what remained should be accounted for to the Court; it recited that the inheritance tax imposed by the laws of Vermont upon the persons who were entitled to receive legacies or shares of the estate had been computed and paid; and it ordered distribution of the assets "in pursuance of the will . . . . and the agreement of settlement" to the several persons entitled to receive them.

The petition alleges that the published notice of hearing, as ordered by the court, mentioned only "the account of Executrix and Administrator c. t. a.," whereas three accounts were passed upon and approved,—the account covering the years from September 19, 1934, to September 19, 1936, the final account, and a summary of account from May 9, 1936, to June 18, 1936; that the decree purported to pass upon and allow certain amendments and additions to the final account which were not filed until July 6, 1936; that the fees provided by statute to be paid out of the estate were not computed, fixed or paid prior to the entry of the decree as required by law; that the inheritance taxes were fixed, allowed, and paid before the legacies and distributive shares of the persons entitled to receive them were ascertained; that the decree directed the payment of certain taxes on real estate in Ohio, which was not a claim against the estate; that the decree purported to distribute the estate pursuant to the terms of the agreement of settlement and not according to the will of the testator; and that the decree purported to convey certain assets to Grace Burnap Everett, as trustee, when in fact she was not a trustee as designated therein. For these reasons it is alleged that the decree should be declared void and stricken from the record.

 While the record does not affirm that the decree of distribution has been complied with, a statement to this effect was made on hearing below, and in argument here by counsel for the estate, without contradiction. And in any event, we will assume it to be so, the contrary not appearing, from the length of time that has passed between the date of the decree, June 18, 1936, and the bringing of the petition, June 21, 1938. When the legacies and distributive shares had been paid to the persons entitled to receive them, the decree, which was conclusive because unappealed from, could not in this respect be changed in any subsequent proceeding in the probate court. "A decree of distribution of an estate, when once executed, vests the property, and puts it out of the control and appropriate jurisdiction of the probate court. Property once fully administered upon is as effectually out of the jurisdiction of the probate court as it ever can be. After property is once vested, in obedience to a judicial sale or decree, it would certainly involve a very strange anomally, if the title could be modified or defeated by any after proceedings of the same tribunal. . . . ." *Stone* v.

*Peasley's Estate,* 28 Vt 716, 719; *Leavins* v. *Ewins,* 67 Vt 256, 257, 31 A 297; *In re Warner's Estate,* 98 Vt 254, 269, 127 A 362, So far as the distribution of the estate was concerned the probate court was without authority to reopen the decree.

■ A decree allowing the account of an executor or administrator is not of the same conclusiveness as a decree of distribution. *Stone* v. *Peasley's Est.,* 28 Vt 716, 720. The probate court has the power of any court of record to revise and correct its own proceedings, and this may be done by petition and notice. *Heirs of Smith* v. *Rix, Admr.,* 9 Vt 240, 241; *Rix, Admr.,* v. *Heirs of Smith,* 8 Vt 365, 370; *Adams* v. *Adams et al., Admrs.,* 21 Vt 162, 166. But this power is confined to questions not passed upon in the former decree, such as fraud or where the executor or administrator is sought to be charged with matters not before credited by or charged against him, and, even so, the cases allowing its exercise "are based upon very questionable grounds of policy and ought not to be extended beyond similar cases in all respects." *Stone* v. *Peasley's Est.,* 28 Vt 716, 720-1.

Neither fraud nor mistake are asserted here; in fact both of these reasons for reopening the account were disclaimed at the hearing below. No assets are claimed to have been omitted from the account. It is not alleged or claimed that the legal fees and inheritance taxes which have been paid were incorrectly computed. The fact that the published notice of hearing used the word "account" in the singular does not vitiate the proceedings resulting in the decree, for the term was inclusive of all the matters theretofore unsettled. Whatever the amendments to the account may have been they were passed upon and allowed upon the hearing before the court. That they were, as alleged, filed later does not affect the adjudication as to their propriety, in the absence of fraud or mistake. The liability for taxes due on the Ohio real estate was an issue to be judicially settled and no appeal having been taken, the decree was conclusive. The appointment and qualification of Grace Burnap Everett as trustee are recited in the decree, by the execution of which the legal title to the trust fund was vested in her.

■ We hold that this petition, which seeks merely a reexamination of the account, without alleging any irregularities therein, and the reopening of the decree of distribution under

which title has passed to the legatees and distributees, sought relief which the probate court had not the jurisdiction to grant, and that the appeal should have been dismissed for this reason, if for no other.

*The* pro forma *judgment is reversed and the appeal is dismissed. To be certified to the probate court for the District of Bennington.*

## ON MOTION FOR REARGUMENT.

MOULTON, C. J. In her motion for reargument the petitioner contends that the decree of distribution was beyond the jurisdiction of the Probate Court to make, because it was according to the agreement of settlement. She invokes the well established principle that, since the Probate Court has only a special and limited jurisdiction, any order or decree prohibited or not authorized by Statute is a nullity and void. *Barber* v. *Chase,* 101 Vt 343, 351, 143 A 302, and many other decisions. So, she says, the duty of the Court was to distribute the estate strictly in accordance with the will of the testator.

Neither the will nor the agreement have been made a part of the record before us. But the decree is set forth in full in the petition, and from this it appears that the distribution was in accordance with the will, except in two instances in which it is stated that the agreement was given force.

One of these is a provision that the balance of cash on hand after the payment of certain expressly approved expenditures, should be retained by the executor and the administrator, c. t. a., for use in the further administration of the estate in Vermont and Ohio, the balance remaining after the completion of such administration to be accounted for in the Probate Court. It is obvious, therefore, that the decree did not distribute all of the estate, but left certain assets still in the course of administration. Even in the absence of an agreement to that effect, the Court had authority to order the retention of sufficient cash to meet the expenses of further administration and to postpone the accounting and the distribution of the remaining property until the process of administration should be complete.

The other instance is a provision that the sum of $200. should be deducted and withheld from the distributive share of each of

the testator's five children and that the amount thus obtained should be placed in trust for the maintenance and care of the cemetery in which the testator's body has been interred.

There is no statutory prohibition of the distribution of a testator's estate according to an agreement between all those interested therein; neither is there express statutory authorization for it. But the Probate Court has plenary and exclusive jurisdiction over the estates of deceased persons. P. L. 2723; *Kreichman* v. *Webster, Admr.*, 110 Vt 105, 109, 2 A2d 199; *In Re Estate of Curtis*, 109 Vt 44, 49, 192 A 13. We consider, therefore, that it is within the plenary jurisdiction of the Court to recognize the agreement, and that a decree in conformity with it has the standing of a judgment by consent. *Harris* v. *Harris's Estate*, 82 Vt 199, 215-19, 72 A 912; *Manley* v. *Johnson*, 85 Vt 262, 264, 81 A 919.

Nevertheless, this practice is not to be commended. It is better and more conducive to orderly procedure that the decree should follow the provisions of the will, and that any agreement for other disposition of the estate should be left for subsequent consummation between the parties who have made it. Rule 5 of the Probate Courts wisely provides that: "Probate Courts will decline to decree property differently than as provided by the will of the testator or the laws of descent, even when so requested by signed agreements by parties in interest or their attorneys." But, by Rule 12: "Judges of Probate may take any case out of these rules when, in their judgment, the equities of the case warrant them in so doing." We assume that the judge of the Probate Court for the District of Bennington applied this rule in making the present decree.

*Motion for reargument denied. Let full entry go down.*