## Liselotte Lilo Ford v. Philip W. Ford

[ 209 A.2d 316 ]

February Term, 1965

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, J. J.**

Opinion Filed April 6, 1965

*Wick, Dinse & Allen* for libelant.

*Black, Wilson & Hoff* for libelee.

**Smith, J.** Liselotte Lilo Ford received a decree nisi in her action of divorce against Philip W. Ford on June 20, 1962, from the Chittenden County Court.

On September 7, 1962, a motion to set aside the decree nisi, signed by the attorneys for the libellee, was filed with the Clerk of the Chittenden County Court. For reasons not made clear by the record here, the petition was not heard by the Chittenden County Court until March 27, 1964, more than eighteen months after the granting of the decree nisi.

It so happened that at the time of the hearing on the motion, the Chittenden County Court consisted of the same two assistant judges, and the same presiding judge, which had constituted said court at the time of the original proceeding.

The record established that at the close of all evidence at said hear-

ing, the Chittenden County Court, through the voice of the presiding judge stated, "As far as the motion to set aside the decree is concerned we're going to deny it and let the official decree stand." No written order to this effect, however, was later made by the court, doubtless due to a sudden change in procedure which is the reason for the cause now being here.

Although the record is silent, the briefs of both parties allege that the presiding judge of said court became convinced shortly after the hearing that he, alone, had jurisdiction over the motion to set aside the decree nisi, rather than the Chittenden County Court. This assumption becomes factually verified by an order of the presiding judge, dated May 11, 1964.

The order states, in part, "The presiding judge adjudging that the motion to set aside having been filed within the six month's period gave the presiding judge jurisdiction to hear the motion at any time." The order then went on, in effect, to reverse the ruling of the Chittenden County Court made orally at the close of the hearing by striking the decree nisi and ordering a new hearing in the divorce action. The order also makes clear that it is based upon the evidence adduced at the hearing before the Chittenden County Court, which, in fact, was the only hearing ever held on the motion.

The order also allows the libellant to appeal this decision with the various issues involved to this Court before final judgment.

The first question of law presented to us is the interpretation of 15 V.S.A. §553 (c), which admittedly is the basis for the presiding judge's order in this cause as well as his individual jurisdiction over the motion.

However, we think that we must consider not only subsection (c) of 15 V.S.A. §553, but also this entire section of the statutes entitled "Decree nisi" to properly and adequately treat the questions presented.

Subsection (a) of 15 V.S.A. §553 states:

"A decree of divorce from the bonds of matrimony in the first instance, shall be a decree nisi and shall become absolute at the expiration of six months from the entry thereof; but, in its discretion, the court which grants the divorce may fix an earlier date upon which the decree shall become absolute."

Important in connection with the above section is that while discretion is given to the court granting the divorce a discretionary power to shorten the nisi period, none is given to extend such period, for the legislative mandate is that the decree shall become absolute at the end of the six months period.

A decree of divorce must at some point become final. Under our statute this prescribed contingency is reached at the end of the six months nisi period, unless such nisi decree is vacated before the expiration of this contingent time period. In this respect our statutes differ from those in other states, such as New Jersey, where the prescribed contingency is the mere "non showing of cause why the decree should not be made absolute." *Grant* v. *Grant*, 84 N. J. Eq. 81, 92 Atl. 791, 793.

Subsection (b) of 15 V.S.A. §553 provides:

"Upon its own motion or on application of either party, at any time before the decree becomes absolute and upon such notice as the presiding judge shall direct, the court may reopen the cause, hear additional testimony and make new decree therein."

It was under this subsection of the statute that the libelee filed his motion to set aside the decree on September 7, 1962, before the expiration of the six months nisi period.

Subsection (c) of 15 V.S.A. §553, by reason of which the presiding judge found authority to issue his order which is questioned here, is now quoted below:

"If the stated term at which the decree nisi was entered has adjourned when such application is filed, the presiding judge of such stated term shall have power to hear and determine the matter and make new decree therein as fully as the court might have done in term time; but, in his discretion, he may strike off the decree and continue the cause to the next stated term."

We have already noted that no hearing on the motion was ever held before the presiding judge, sitting alone, but only as previously noted, before the Chittenden County Court to whom the motion was addressed. However, this is of small importance as compared with the misinterpretation of the legislative purpose in the enactment of subsection (c) of 15 V.S.A. §553 in view of the other subsections of the same statute.

The Legislature first provided that a decree nisi should become absolute at the expiration of six months, unless such nisi period was shortened by the court. 15 V.S.A. §553 (a), supra. However, during the six months nisi period the cause may be reopened by motion of either party, or by the court itself, a hearing held, and a new decree made. 15 V.S.A. §553 (b), supra.

Because, as we have already seen, a decree nisi becomes one

of absolute divorce at the end of a six months period, the power of the court to strike, change or alter such nisi decree is limited to the same time period. A new decree must be made to change a decree nisi while such decree nisi is still in effect, and to do this not only must the motion to set aside or amend such decree be made in the six months period, but a duly notified hearing must be held, testimony taken, and a new decree made by the court in the same limited period.

The Legislature was aware of the time limit which they had imposed in allowing a decree nisi to be struck and a new decree made. Also known to the Legislature was that by statute they had provided for stated terms of the various county courts. It required little consideration to perceive that a motion might be filed to strike or change a decree nisi which, because the court to which it was directed had adjourned its term, would not be heard before the expiration of the six months nisi period, and would thus fail.

With the intent to avoid this failure because of the time limitation, the Legislature provided that the presiding judge of such adjourned term could hear the motion, determine the matter, and make a new order, as the full court might have done during term time. But the presiding judge, in his discretion, could merely strike the decree nisi, and continue the cause to the next stated term. 15 V.S.A. §553 (c), supra.

■ It was not the legislative intent to grant to the presiding judge the powers of the county court over a motion to change a decree nisi while such court was in session. The intent was to provide a tribunal before whom the merits of the motion could be adjudicated when the county court was not in session, and a hearing on the motion could not otherwise be had before the decree nisi had become one of absolute divorce by the passage of the statutory time.

It follows that if the motion to set aside the decree nisi should have been heard at the time that it was heard, it was a matter for the determination of the county court, then in session, and not for the sole determination of the presiding judge, under the provisions of 15 V.S.A. §553.

But on March 27, 1964, the date of the hearing on the motion, the decree nisi no longer existed. The decree not having been struck or changed in any way during the six months period after its issuance on June 20, 1962, had long since ripened into a decree of absolute divorce. Jurisdiction does not exist in any tribunal over a non-existent subject matter.

The only jurisdiction then remaining over the merits of the libel is a proceeding to vacate the decree for fraud, accident or mistake under 12 V.S.A. §2553. See *Wellington* v. *Wellington,* 124, Vt. 401, 205 A.2d 568.

With no jurisdiction in either the county court or the presiding judge below on the subject matter of this appeal, there is none here. Although the jurisdictional question was not raised by the pleadings before us we will dismiss the action on our own motion. *In Re Everett Estate,* 113 Vt. 265, 267, 33 A.2d 223.

*The entry is "The order of the presiding judge is reversed, and the appeal is dismissed."*