### Diane Crane Richwagen v. John Porter Richwagen

[539 A.2d 540]

No. 85-073

Present: **Allen, C.J., Hill,[1] Peck and Gibson,[1] JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion filed December 15, 1987

*Corsones & Hansen,* Rutland, for Plaintiff-Appellee.

*Allan R. Keyes and R. Joseph O'Rourke of Ryan Smith & Carbine, Ltd.,* Rutland, for Defendant-Appellant.

**Peck, J.** Defendant appeals from a divorce decree entered by the Rutland Superior Court. We reverse.

Defendant prefaces his attack upon the lower court's order with a jurisdictional challenge, maintaining that the court did not have the power to vacate an earlier divorce order and reopen evidence. In the alternative, defendant urges that the trial court abused any discretion it had in the matter. With regard to the order at hand, defendant attributes error to the trial court for failing to find fault on the part of the plaintiff, for abuse of discretion in the property division, for awarding rehabilitative maintenance to the plaintiff, and for removing him as trustee of an account in the name of the parties' child.

---

[1] Justices Hill and Gibson were present at oral argument but did not participate in the decision.

The parties were married in 1961, about a year after meeting at a hospital where plaintiff worked as a registered nurse and defendant as an assistant administrator. Because of a perceived conflict in continuing employment under these circumstances, plaintiff resigned and obtained a position at another hospital. The parties reached an understanding that plaintiff's career would be subordinated to that of defendant. In 1968, the parties moved to Vermont, where defendant had accepted the office of associate administrator of a local hospital. Plaintiff did not seek work at this hospital because of her husband's position. Since their arrival in Vermont, plaintiff's only employment was as a visiting nurse for fourteen months and as a seasonal employee of a first aid station at a ski area, while defendant eventually became hospital administrator. The parties adopted a daughter in 1969.

Defendant resigned his position at the hospital in 1981. His annual salary at that time was about $50,000, and he obtained eight months' severance pay. Plaintiff's annual income never exceeded $4,000. In February of 1981, defendant obtained a position at a hospital in Saudi Arabia at an annual salary of $65,000. Prior to his departure for that country, he advised plaintiff to call upon a mutual friend if she needed any assistance. Upon his return to Vermont a year later, defendant realized that plaintiff had become involved with this friend, and the parties decided to initiate divorce proceedings. This was not the first instance of marital difficulties between the parties, however. Significant friction and inadequate communication began in 1978, and defendant suggested divorce on two occasions in 1978 and 1979. Also, the court found that there had been no sexual relationship between the parties during the four years prior to trial.

In June of 1982, plaintiff filed for divorce on grounds that the parties had been separated for more than six months and that resumption of a marital relationship was not reasonably probable. Defendant counterclaimed, contesting matters of custody, maintenance, child support, and property division. The final hearing was held in May of 1983, and a divorce order was issued on July 11th of that year. Because of long delays in the matter and the lengthy separation of the parties, the court ordered the decree nisi period reduced to thirty days.

Plaintiff immediately filed a motion to amend the court's findings, claiming that the order did not specifically include a retirement account in the name of the defendant. She requested,

among other things, that fifty-six percent of the account be awarded to her, that she be reimbursed for living expenses incurred while the divorce was pending, and that she be named in place of defendant as trustee of an account in the name of the parties' child. Defendant responded to plaintiff's motion and filed his own motion for modification, requesting reimbursement of living expenses and an advance from joint funds in order to meet obligations imposed by the divorce order. Plaintiff responded with a second motion to amend findings or reopen evidence, requesting the return of certain small items of property.

A hearing on the motions was held in September of 1983, at which the court indicated that it had intended to award the retirement account to defendant. In February of 1984, on the last day of term and seven months after the divorce order had issued, the court vacated the order and granted plaintiff's motion to reopen evidence. The court stated that the interests of justice required that evidence be reopened because the motions related to events subsequent to the divorce order and because no evidence regarding tax consequences of liquidation of the retirement account had been received. A second hearing was held in May of 1984, and evidence was taken on these issues. The court's second divorce order was issued on December 10, 1984, and that order increased the amount of child support and maintenance, altered the property division, and designated plaintiff as trustee of the child's account. In this second order, defendant's retirement account was divided equally between the parties.

Defendant's first claim on appeal is that the trial court did not have the authority, once the decree nisi period had expired, to vacate its first divorce order and reopen evidence. He argues that the court was divested of jurisdiction under the terms of 15 V.S.A. § 554(b), which provides that "[u]pon its own motion or on application of either party, *at any time before the decree becomes absolute* . . . the court may reopen the cause, hear additional testimony and make new decree therein." (Emphasis added). We agree.

In the course of interpreting a predecessor statute,[2] this Court stated that "[b]ecause . . . a decree nisi becomes one of absolute divorce at the end of a six months period, the power of the court to strike, change or alter such nisi decree is limited to the same

---

[2] 15 V.S.A. § 554 was formerly set out as § 553. See revision note to § 554.

time period. A new decree must be made to change a decree nisi while such decree nisi is still in effect . . . . Jurisdiction does not exist in any tribunal over a non-existent subject matter." *Ford* v. *Ford*, 125 Vt. 21, 23-24, 209 A.2d 316, 319 (1965). Thus, in order to alter or set aside a decree nisi under the statute, a hearing must be held and a new decree must be made before the nisi period expires. *Id.* at 24, 209 A.2d at 319. Here, the nisi period ended on August 10, 1983, but no hearing was held until September 28, and the trial court did not rule upon the motions until February of 1984. We hold that the trial court's jurisdiction was exhausted as of August 10 and, therefore, that the ensuing proceedings and orders were nullities.

Plaintiff argues, however, that her timely motion to amend findings, made under the provisions of V.R.C.P. 52(b), stayed the effect of the original order. She notes correctly that the Rules of Civil Procedure were adopted subsequent to the enactment of § 554, and she argues that Rule 52(b) supersedes the statute to the extent of any conflict between the respective provisions. We disagree. Here, application of Rule 52(b) without regard to the express limitations of § 554 would be inappropriate since after the nisi period expires, the only ways to change the trial court's order are pursuant to a 60(b) motion for relief from judgment or order, or by filing a motion to modify pursuant to V.R.C.P. 80 and showing substantial change of circumstances. See 15 V.S.A. §§ 660, 661; *Jacobs* v. *Jacobs*, 144 Vt. 124, 126, 473 A.2d 1165, 1167 (1984) (court may modify original decree if petitioner shows substantial change of circumstances); *Smith* v. *Smith*, 139 Vt. 234, 235, 427 A.2d 378, 379 (1981) (newly-discovered evidence may entitle wife to relief from the judgment pursuant to V.R.C.P. 60(b)).

Because we hold that the trial court's authority in this matter was exhausted as of August 10, 1983, we must enter judgment in accordance with its original decree, dated July 11, 1983. As plaintiff noted in her motion to amend findings, however, that order is flawed. In its conclusions of law, the trial court stated that defendant "shall be awarded all right, title and interest to the annuity retirement accounts having a present value of $103,755.00." These accounts included an annuity account valued at $12,308 and a mutual benefit retirement account worth approximately $91,447. In the trial court's order, defendant was awarded both accounts, but the value of the mutual benefit retirement account was erroneously listed at $4,000. At the hearing on the post-judg-

ment motions, the court indicated that it had intended to award the entire amount of $103,755 to defendant. Since the record affords the means of correcting this error, we will modify the order and avoid the necessity of remanding the cause. See *Brooks* v. *Brooks*, 131 Vt. 86, 94, 300 A.2d 531, 536 (1973).

*The judgment of February 5, 1985 is reversed; the court's order of July 11, 1983 is modified to award defendant both of his retirement accounts at their full value, and judgment is entered in accordance with the order as modified.*

Subsequent to the filing of the opinion in this case, appellee filed a timely motion to reargue pursuant to V.R.A.P. 40. As a result of that motion, we have recalled the opinion and redrafted two sentences to clarify the Court's reasoning. Other matters raised by the appellee in her motion have been reviewed by the Court and rejected. The revision made does not change the result.

*Motion for reargument denied.*