## Kevin A. DOWNS v. Susan A. DOWNS

[549 A.2d 1382]

No. 86-095

March 10, 1988. Plaintiff appeals from a divorce decree. We reverse. The superior court issued an order granting the divorce, determining custody of the parties' minor children and dividing the marital property. The order was issued February 19, 1985, with the decree to become absolute on March 19, 1985.

On May 6, 1985, the superior court granted defendant's motion to reopen the record to introduce new evidence. The court then issued revised findings of fact, conclusions of law and order on January 13, 1986. Plaintiff raises three issues on appeal having to do with the amended order. We do not address the merits of plaintiff's arguments because we conclude that the superior court had no jurisdiction to grant defendant's motion and issue an amended order after the decree had become absolute.

15 V.S.A. § 554(b) provides in pertinent part that, "at any time before the decree becomes absolute . . . , the court may reopen the cause, hear additional testimony and make new decree therein." Here, the superior court's order granting defendant's motion to reopen the record was issued after the decree became absolute. "[I]n order to alter or set aside a decree nisi under the statute, a hearing must be held and a new decree must be made before the nisi period expires." *Richwagen* v. *Richwagen*, 149 Vt. 72, 75, 539 A.2d 540, 542 (1987) (citing *Ford* v. *Ford*, 125 Vt. 21, 24, 209 A.2d 316, 319 (1965)). Thus, the superior court's jurisdiction on this matter was exhausted as of March 19, 1985, and the later order from which plaintiff appeals is a nullity. See *Richwagen*, 149 Vt. at 75, 539 A.2d at 542.

*The judgment of January 13, 1986, is reversed; the court's order of February 19, 1985, is reinstated.*

Motion to reargue denied May 20, 1988.