## Eva-Marie LABELLE v. Richard E. LABELLE

[551 A.2d 1195]

No. 86-448

March 17, 1988. Defendant appeals from the order of the superior court, entered May 9, 1986, granting plaintiff a divorce, dividing the marital property and ordering defendant to pay plaintiff separate maintenance and name her as the beneficiary of his life insurance policy. The order also provided that the decree nisi was to become absolute on

August 6, 1986. Defendant filed his notice of appeal in the superior court on September 10, 1986. V.R.A.P. 4 provides that a notice of appeal must be filed within thirty days of the date of the entry of judgment in a civil case. Because defendant filed his notice of appeal more than thirty days after the decree became absolute, this Court has no jurisdiction over his appeal. We must therefore dismiss it.

It was argued that the notice of appeal was timely filed, because a motion to amend the judgment, pursuant to V.R.C.P. 59(e), was filed during the nisi period. V.R.A.P. 4 provides in pertinent part that:

> [t]he running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed in the superior or district court by any party pursuant to the provisions of the Rules of Civil Procedure, Rules of Criminal Procedure or District Court Civil Rules hereafter enumerated in this sentence, and the full time for appeal fixed by this rule commences to run and is to be computed from entry of any of the following orders made upon a timely motion under such rules: . . . (4) granting or denying a motion under Civil Rule 59 to alter or amend the judgment;
> . . . .

However, this cannot apply to a motion to amend a nisi decree decided by the superior court after the nisi period expired, because the court was without jurisdiction to rule on the motion after the decree became absolute.

The superior court's jurisdiction to amend the decree pursuant to Rule 59(e) is limited to the nisi period. 15 V.S.A. § 554(b). Not only must a party file a motion to amend during the nisi period, the superior court must also rule on it before the decree becomes absolute, for after that time, the court no longer has jurisdiction absent a V.R.C.P. 60(b) motion for relief from judgment or order or a motion to modify pursuant to V.R.C.P. 80. *Richwagen v. Richwagen*, 149 Vt. 72, 75, 539 A.2d 540, 542 (1987). Here, the superior court did not rule on the motion to amend until August 19, 1986, after the nisi period had expired; therefore it was without jurisdiction when it denied the motion. V.R.A.P. 4, which provides that a timely motion to amend pursuant to V.R.C.P. 59 tolls the period for filing a notice of appeal until the Rule 59 motion is decided, cannot apply to an order the superior court was without jurisdiction to make. The time in which to file a notice of appeal from the superior court's decree must be computed from the date on which the decree became absolute, rather than from the date on which the superior court entered an order after its jurisdiction over the matter had expired. See *Richwagen; Ford* v. *Ford*, 125 Vt. 21, 23-24, 209 A.2d 316, 318-19 (1965).

*Appeal dismissed.*