## Edward F. CAMERON v. Marjorie A. CAMERON

[549 A.2d 1043]

No. 87-058

May 10, 1988. Plaintiff appeals from an order of the Rutland Superior Court which granted his motion for rehearing and amendment of judgment but nevertheless awarded the marital property in a manner plaintiff contends to be an abuse of discretion. We affirm.

Plaintiff and defendant were granted a divorce by court order on October 16, 1986, with the decree to become absolute on December 9, 1986. Although plaintiff filed a motion requesting a rehearing, amended findings with regard to fault, and a corresponding adjustment of the property award, the court held no hearing, but corrected a mis-

take it had made with regard to the valuation and award of certain stock.

We note that the motion was ruled on after the nisi period had expired and the divorce decree became absolute. Ordinarily, the trial court's jurisdiction to amend the decree is limited to the nisi period. 15 V.S.A. § 554. See *Downs* v. *Downs*, 150 Vt. 647, 549 A.2d 1382 (1988) (mem.). However, after the nisi period expires, a trial court's order may be changed pursuant to a 60(b) motion. *Richwagen* v. *Richwagen*, 149 Vt. 72, 75, 539 A.2d 540, 542 (1987).

V.R.C.P. 60(b)(1) allows the court to exercise its discretion to amend a final judgment or order to correct a mistake. See *Darken* v. *Mooney*, 144 Vt. 561, 566, 481 A.2d 407, 410 (1984). In this case the court did not abuse or withhold its discretion by amending the judgment and order to correct a mistake with regard to the valuation and award of certain stock.

*Affirmed.*

Motion to reargue denied June 2, 1988.