### Birgid Boettger Slansky v. Hansjoerg Slansky

[556 A.2d 94]

No. 87-093

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed December 30, 1988

*Theodore Corsones* and *Nancy Corsones* of *Corsones & Corsones,* Rutland, for Plaintiff-Appellee.

*Keyser, Crowley, Banse & Facey,* Rutland, for Defendant-Appellant.

**Dooley, J.** Defendant appeals from the trial court's denial of his Motion for Relief from Judgment, made pursuant to V.R.C.P. 60(b)(6). He alleges that the stipulation upon which the judgment was based should be set aside because he was under the influence of medication when he signed it. We affirm the trial court's denial of the motion as within its discretion.

Plaintiff was granted a divorce by judgment on February 11, 1986. The judgment nisi became absolute on May 10, 1986. Incorporated into the judgment was a stipulation which divided the property of the parties. This stipulation is at issue here.

On September 2, 1986, defendant moved pursuant to V.R.C.P. 60(b) for relief from judgment because he believed "that the stipulation he executed on February 10, 1986, was not the product of consent freely and voluntarily given . . . ." We note that ordinarily the trial court's jurisdiction to amend the divorce decree is limited to the nisi period. 15 V.S.A. § 554; *Downs* v. *Downs,* 150 Vt. 647, 549 A.2d 1382 (1988). We have held, however, that a trial court's order may be changed in response to a Rule 60(b) motion decided after the expiration of the nisi period. *Cameron* v. *Cameron,* 150 Vt. 647, 549 A.2d 1043 (1988); *Richwagen* v. *Richwagen,* 149 Vt. 72, 75, 539 A.2d 540, 542 (1987).

Defendant's contention is that he was so heavily medicated on the day he signed the stipulation that he did not enter into it freely and voluntarily. In support of this position, defendant testified at the motion hearing that he had taken medications which

caused him to be confused and depressed, and that because of his mental state he did not know what he was doing when he entered into the stipulation. He also offered testimony from a medical expert. Plaintiff's testimony contradicted that given by the defendant. The trial court found that defendant at the time of the merits hearing "was not confused, disoriented or in a state of mind that he could not make intelligent decisions voluntarily and knowingly." The trial court found defendant was aware of the proceedings and the attendant circumstances during the course of the trial and the settlement negotiations. In addition, it noted that a long period of time elapsed between the date of the judgment and the date of the Rule 60(b) motion and that the settlement agreement was not "so lopsided that it would give rise to an inference that defendant did not know what he was doing when he entered into the agreement.

We must accept the findings of the trial court unless they are clearly erroneous. *Green Mountain Bank* v. *Magic Mountain Corp.,* 148 Vt. 247, 247-48, 531 A.2d 604, 605 (1987). We conclude that the findings here are supported by the record and must stand. A motion for relief from judgment is addressed to the discretion of the trial court and will not be disturbed on appeal in the absence of abuse of discretion. *Cameron* v. *Cameron, supra; Darken* v. *Mooney,* 144 Vt. 561, 566, 481 A.2d 407, 410 (1984). In light of the court's findings, defendant has not presented grounds for relief from judgment. Thus, the trial court did not abuse or withhold its discretion in ruling on defendant's motion.

*Affirmed.*