# Diane Crane Richwagen v. John Porter Richwagen

[568 A.2d 419]

No. 88-614

Present: Allen, C.J., Peck, Dooley and Morse, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed October 20, 1989

*Nancy Corsones* of *Corsones & Corsones,* Rutland, for Plaintiff-Appellant.

*Allan R. Keyes* of *Ryan Smith & Carbine, Ltd.,* Rutland, for Defendant-Appellee.

**Dooley, J.** Plaintiff in this action appeals the trial court's ruling denying plaintiff's V.R.C.P. 60(b) motion for relief from judgment regarding the original property distribution in a divorce action. We affirm.

This case has had a long procedural history beginning in July, 1983. This appeal deals solely with the issue of the trial court's discretion in denying plaintiff's Rule 60(b) motion for relief from judgment. Therefore, only those aspects of the procedural history which are pertinent to this appeal will be reiterated here. For a more complete factual background, see *Richwagen v. Richwagen,* 149 Vt. 72, 539 A.2d 540 (1987) (*Richwagen I*).

The parties in this action were granted a divorce on July 11, 1983, and the decree nisi became absolute on August 10, 1983. Based on motions filed during the nisi period to amend the divorce judgment, the Rutland Superior Court reopened the case, held a new evidentiary hearing and issued a second order increasing the amount of child support and maintenance and altering the property distribution and the allocation of a retirement account at issue in this appeal. On December 15, 1987, this Court reversed the decision of the superior court, holding that the trial court did not have authority to vacate the first divorce order and reopen the evidence because the expiration of the nisi period had divested the trial court of jurisdiction under 15 V.S.A. § 554(b). *Richwagen I,* 149 Vt. at 75, 539 A.2d at 542. This Court then entered the original judgment with modifications it found necessary to correct an error in the valuation of one of two retirement accounts. Based on the proceedings below, the Court found that the erroneous valuation was merely a transcription error and did not affect the property distribu-

tion. Thus, the order awarding the pensions to defendant was left intact.

Plaintiff presents three issues for review on appeal: (1) whether the superior court erred in failing to exercise its judicial discretion in ruling on plaintiff's V.R.C.P. 60(b) motion; (2) whether the doctrine of the law of the case bars relief for plaintiff; and (3) whether plaintiff is entitled under the circumstances to Rule 60(b)(6) relief. The case really reduces, however, to whether the trial court had discretion to grant Rule 60(b)(6) relief on any of the grounds urged and whether it properly exercised what discretion it had.

Plaintiff presents two main theories for granting Rule 60(b) relief: first, the property award, following the correction of the pension valuation, is so unfair that Rule 60(b) relief is appropriate; and second, the denial of plaintiff's opportunity to have her motion to amend heard, solely because of the failure of the trial court to schedule and decide the motion within the nisi period, justifies relief from the judgment under Rule 60(b)(6).

█ █ As to the first ground, the trial court found no basis under Rule 60(b)(6) to grant relief, noting that the original divorce decision involved a "detailed and lengthy order rendered upon review of all of the evidence and testimony presented by the parties." Plaintiff's main argument on the merits seems to be that the property distribution now awards 60% of the property to defendant and that this property distribution is unfair. While we have affirmed a trial court decision under Rule 60(b)(6) to reopen a judgment because it was based on an "unconscionable stipulation," *Cliche v. Cliche*, 143 Vt. 301, 307, 466 A.2d 314, 317 (1983), we have also emphasized that "a motion for relief [under Rule 60(b)] is not intended to function as a substitute for a timely appeal." *Tetreault v. Tetreault*, 148 Vt. 448, 451, 535 A.2d 779, 781 (1987). Without deciding whether the kind of claim made here could ever be grounds for relief under Rule 60(b)(6), we note that this Court has traditionally been guided by a narrow standard of review of Rule 60(b) decisions. "A motion for relief from judgment, V.R.C.P. 60(b), 'is addressed to the discretion of the trial court and is not subject to appellate review unless it clearly and affirmatively appears

from the record that such discretion was withheld or otherwise abused.'" *Greenmoss Builders, Inc. v. Dun & Bradstreet, Inc.*, 149 Vt. 365, 368, 543 A.2d 1320, 1322 (1988) (quoting *Estate of Emilo v. St. Pierre*, 146 Vt. 421, 423, 505 A.2d 664, 665 (1985)); see also *Goshy v. Morey*, 149 Vt. 93, 95, 539 A.2d 543, 545 (1987). The property allocation at issue in this appeal is not inconsistent with other decisions in our jurisdiction. See *Lewis v. Lewis*, 149 Vt. 19, 23–24, 538 A.2d 170, 173 (1987); *Burr v. Burr*, 148 Vt. 207, 210, 531 A.2d 915, 917 (1987). Nothing in the record in this case or in plaintiff's argument in this appeal demonstrates that discretion was withheld or otherwise abused.

Plaintiff's second ground relates to the fact that the *Richwagen I* decision cut off her ability to obtain an amendment to the findings and judgment under Rule 52(b) through no fault of her own. She argues that this circumstance is a "reason justifying relief from the operation of the judgment" under Rule 60(b)(6) and emphasizes that the trial court failed to exercise any discretion on this ground because it improperly believed that the *Richwagen I* decision foreclosed relief. We agree that the trial court had no discretion to grant relief on this ground.

 Although the grounds for relief authorized under Rule 60(b)(6) are broad and the rule must be interpreted liberally to prevent hardship or injustice, there are necessarily limits on when relief is available. See *Estate of Emilo v. St. Pierre*, 146 Vt. at 423–24, 505 A.2d at 665–66. We must be concerned about the certainty and finality of judgments so that litigation can reach an end. See *In re Norris Trust*, 143 Vt. 325, 328, 465 A.2d 1385, 1388 (1983). Thus, we have held that we will not grant relief "from tactical decisions which in retrospect may seem ill advised." *Okemo Mountain, Inc. v. Okemo Trailside Condominiums, Inc.*, 139 Vt. 433, 436, 431 A.2d 457, 459 (1981); see also *Darken v. Mooney*, 144 Vt. 561, 566, 481 A.2d 407, 411 (1984).

For a number of reasons, considerations of finality must overweigh in this case. Plaintiff has been candid that she is really seeking a way around the decision in *Richwagen I*, which she considers to be clearly wrong. Many of the arguments made now were made and rejected in the original and reargument

decisions in *Richwagen I*. To accept these arguments now under the rubric of Rule 60(b) would be to misuse this limited and extraordinary power to impose a new rule of law and a change in trial court jurisdiction. If *Richwagen I* is wrong, we must overrule it, not evade it.

■ Second, plaintiff is clearly warring with a tactical decision to seek relief under V.R.C.P. 52(b), which has in retrospect become ill-advised. Among the various avenues potentially available to her, she made her choice, *Estate of Emilo v. St. Pierre*, 146 Vt. at 424, 505 A.2d at 666, and we cannot relieve her of that choice when it does not have the legal effect that she intended.

Finally, we emphasize again that the property allocation decision has been reviewed in this Court and corrected. We are no longer dealing with a judgment that has a fundamental error or defect. Further, the judgment has extensive findings behind it and conclusions based on the evidence. Thus, we are not dealing with a litigant who has been denied a first day in court; instead, it is a litigant, who having not prevailed on the first day, wants a second day. The prospect that a new trial judge, in the exercise of discretion, would reach a different result does not justify extraordinary relief.

In summary, we conclude that where the trial court had discretion, it acted within that available. Most of plaintiff's grounds do not, however, meet the requirements of Rule 60(b)(6) and thus do not trigger any discretion in the trial court.

*Affirmed.*