## Marlene A. MANOSH v. Howard A. MANOSH

[648 A.2d 833]

No. 92-552

July 9, 1993. Plaintiff appeals from a decision of the family court, which denied her V.R.C.P. 60(b) motion to reopen this divorce action on the grounds of unconscionability, and held that it did not have jurisdiction to declare the parties' settlement agreement void. We reverse and remand.

The parties were divorced by order of the family court on January 15, 1991. Pursuant to a stipulation, the final order stated that "[t]he parties have heretofore settled all matters relating to their personal and real property." The parties did not submit the agreement to the court for its review or have the agreement incorporated into the divorce order.

On March 6, 1992, plaintiff filed a "complaint and motion to reopen" wherein she alleged that "[t]he provisions of the settlement agreement with respect to maintenance and property division are unconscionable and void as a matter of law." She requested the court to declare the agreement void, determine maintenance under 15 V.S.A. § 752, and distribute the parties' marital estate under 15 V.S.A. § 751. A hearing was held on May 28, 1992, to discuss threshold legal issues; no evidence was introduced. Following the hearing, plaintiff filed a memorandum in support of her complaint and motion to reopen. Thereafter, defendant filed an opposing memorandum and a motion to dismiss.

The court ruled that the settlement agreement was an independent contract and that it did not have jurisdiction to issue a declaratory judgment on a contract claim. Without holding an evidentiary hearing, it also ruled that plaintiff had failed to show that defendant took unconscionable advantage of her in reaching the agreement. Thus, plaintiff's "complaint in contract" was dismissed for lack of jurisdiction, and the motion to reopen was denied. Plaintiff appeals.

Plaintiff first claims that the court erred in determining that it did not have jurisdiction to declare the parties' settlement agreement void. We agree. Pursuant to 4 V.S.A. § 454, the family court has exclusive jurisdiction to hear and dispose of divorce proceedings. Although an independent contract, the settlement agreement was part of the divorce proceedings, and is within the family court's jurisdiction. There is nothing in the statutory scheme that would require plaintiff to pursue her claim on the settlement agreement in superior court, but pursue the V.R.C.P. 60(b) motion to reopen the divorce proceedings in family court. Such an interpretation would be unreasonable and a waste of judicial resources. See *Stevens v. Department of Social Welfare*, 159 Vt. 408, 418, 620 A.2d 737, 742 (1992) (requiring plaintiff to pursue two claims based on same facts in two forums is waste

of government resources); *Smith v. Town of St. Johnsbury,* 150 Vt. 351, 355, 554 A.2d 233, 237 (1988) (Court assumes Legislature did not intend unreasonable result).

Plaintiff next argues that the court erred in concluding that she had failed to show "unconscionable advantage" without holding an evidentiary hearing. A motion to reopen under V.R.C.P. 60(b) is addressed to the discretion of the trial court, and its decision will be upheld unless discretion was withheld or abused. *Slansky v. Slansky,* 150 Vt. 627, 629, 556 A.2d 94, 95 (1988). Where facts are in issue, however, an evidentiary hearing should precede a decision on the motion, unless the court finds that the motion is totally lacking in merit. *Blanchard v. Blanchard,* 149 Vt. 534, 537, 546 A.2d 1370, 1372–73 (1988). Here, the court made no such finding. Rather, the court made findings of fact based on the record and determined that the circumstances presented by plaintiff were "more akin to those in *Slansky* than those in *Cliche* [*v. Cliche,* 143 Vt. 301, 466 A.2d 314 (1983)]." The court then denied the motion.

A V.R.C.P. 60(b) motion is invoked to prevent hardship or injustice and therefore should be liberally construed. *Bingham v. Tenney,* 154 Vt. 96, 99, 573 A.2d 1185, 1186 (1990). Plaintiff alleged she was of low average intelligence and had little experience with financial matters; during thirty-three years of marriage, she had never worked outside the home. She maintained that defendant was a sophisticated and successful businessman who took unconscionable advantage of her in the settlement agreement. See *Bendekgey v. Bendekgey,* 154 Vt. 193, 199, 576 A.2d 433, 436 (1990) (V.R.C.P. 60(b) movant must allege duress, coercion, fraud or unconscionable advantage to support setting aside agreement). According to plaintiff, she received less than ten percent of the parties' marital estate and less than ten percent of the parties' annual income as maintenance, which was to cease completely in ten years. Cf. *Slansky,* 150 Vt. at 629, 556 A.2d at 95 (very "lopsided" settlement agreement may give rise to inference that one party did not understand). Plaintiff argued that, under the agreement, it was possible that she would be left with only her house at the end of ten years. Cf. *Bassler v. Bassler,* 156 Vt. 353, 362, 593 A.2d 82, 87 (1991) (agreement which would provide standard of living far below that enjoyed during marriage "would probably not be enforced by any court"). Finally, she noted that the gross disparity in the property distribution agreement had never been revealed to the court during the original proceedings.

Based on these allegations, we cannot conclude that her motion is "totally lacking in merit." Although plaintiff was represented by counsel throughout the proceedings, we decline to rule that this single fact compels dismissal of her motion. See *Burr v. Burr,* 148 Vt. 207, 209, 531 A.2d 915, 917 (1987) (upholding trial court decision to set aside stipulation where parties were represented by counsel); see also *Cliche,* 143 Vt. at 307, 466 A.2d at 317 (fact that defendant was not represented by counsel is one factor in support of finding of unconscionable advantage). Plaintiff is entitled to a hearing to present evidence in support of her claim.

Defendant contends that the motion to reopen should be denied because it was not brought within a reasonable time. The test for determining whether the trial court properly found that the motion was timely is whether the court exercised sound

636

discretion on this matter given all factors and circumstances of the case. *Greenmoss Builders, Inc. v. Dun & Bradstreet, Inc.*, 149 Vt. 365, 368–69, 543 A.2d 1320, 1323 (1988). Because the complete circumstances of this case will be presented only at the hearing on remand, the court shall consider this claim at that time.

Finally, we address plaintiff's claim that the court is obligated to review a settlement agreement in a divorce action even if the parties do not present the agreement to the court for incorporation in the divorce order. She relies on 15 V.S.A. § 751, arguing that the statute mandates an "independent determination [by the court] of whether the distribution is equitable." *Poulin v. Upham*, 149 Vt. 24, 28, 538 A.2d 181, 183 (1987); see 15 V.S.A. § 751 (upon motion, court shall settle property rights of parties). Under § 751, a party to a divorce may move the court to equitably divide the parties' property. Where there is no § 751 motion, however, the family court has no independent obligation to review an agreement unless it is submitted by the parties to be incorporated in the divorce order.

*Reversed and remanded.*