STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                 Docket No. 50-3-10 Vtec

|                          |   |
|--------------------------|---|
|                          | } |
| Town of Newbury,         | } |
|     Plaintiff,           | } |
|                          | } |
| v.                       | } |
|                          | } |
| Joseph Celeste,          | } |
|     Defendant.           | } |

Decision and Order on Defendant's Motion for Summary Judgment

This case is an enforcement proceeding brought by the Town of Newbury against Defendant Joseph Celeste, under the authority of 24 V.S.A. § 4451 and § 4452, for violations of the Town of Newbury Zoning Regulations as stated in a 2006 Notice of Violation. The Town is represented by Charles D. Hickey, Esq.; Defendant is represented by Paul S. Gillies, Esq.

Defendant has moved for summary judgment, asking the Court to dismiss the case with prejudice. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." Montgomery v. Devoid, 2006 VT 127, ¶ 9, 181 Vt. 154 (quoting V.R.C.P. 56(c)(3); State v. Therrien, 2003 VT 44, ¶ 8, 175 Vt. 342). In determining whether there is a genuine issue of material fact, "the nonmoving party receives the benefit of all reasonable doubts and inferences.'" Pontbriand v. Bascomb, No. 2009-042, slip op. at 1 (Vt. July 20, 2009) (unpublished mem.) (quoting Samplid Enters. v. First Vt. Bank, 165 Vt. 22, 25 (1996)).

<u>Factual & Procedural History</u>

The following facts are undisputed unless otherwise noted.

Defendant owns the parcel of property located at 996 Leighton Hill Road in Newbury, Vermont. The property contains a house that has been occupied by Defendant's sister, Michele Fortunati, since at least 2005.

In November of 2005, a deck was constructed on Defendant's property without a permit. Town's Statement of Material Facts ¶ 1 (June 28, 2010).[1] This deck subsequently received a permit, <u>id</u>. ¶ 5, and is therefore not at issue in the present enforcement action.

In 2006, Defendant built a "mud room" and a second deck onto the residential dwelling on the property. <u>Id</u>. ¶ 3. The Town's Zoning Administrator issued a Notice of Violation to Defendant for constructing the mud room and deck in violation of §§ 2.3 and 2.6 of the Zoning Regulations on February 1, 2006; Defendant received it on February 6, 2006.[2] <u>Id</u>. The Notice of Violation gave Defendant seven days to correct the violation. Defendant did not appeal the 2006 Notice of Violation; therefore, it became final and cannot be contested, either directly or indirectly. 24 V.S.A. § 4472(d).

From approximately July of 2006 until August of 2008, Defendant and the Town attempted to resolve the alleged violations, but were unsuccessful in doing so. Smith-Monteith Aff. ¶¶ 8, 10–12. Therefore, in December of 2008, the Town filed an enforcement action in this Court regarding the violations stated in the February 2006 Notice of Violation, <u>Town of Newbury v. Celeste</u>, Docket No. 298-12-08 Vtec. After

---

[1] The Town filed a Statement of Material Facts but did not file its own motion for summary judgment.

[2] No copy of the 2006 Notice of Violation has been provided to the Court in either Docket No. 298-12-08 Vtec or the present case. However, it appears that 2006 Notice of Violation alleged that the mud room and second deck violated the setback requirements from the apparent boundary line of the property. See Smith-Monteith Aff. ¶¶ 7, 8, 10, 11 (June 28, 2010).

undergoing mediation, the parties entered into a settlement agreement of Docket No. 298-12-08 Vtec on November 9, 2009. See generally Alternative Dispute Resolution Report, Docket No. 298-12-08 Vtec (Nov. 13, 2009). The parties did not file or intend to file the Settlement Agreement with the Court and it did not become a judicial order. See id. (stating that full settlement was reached, but that the "settlement [was] not intended for filing"). Rather, by letter filed on November 12, 2009, the Town's attorney informed this Court that "the town is withdrawing its complaint in this matter" because the parties had "successfully resolved this matter." The Town's withdrawal of the complaint concluded Docket No. 298-12-08 Vtec.

The November 2009 Settlement Agreement, provided to the Court by both parties, established several actions that Defendant was required to take, set out a timeline for those actions, and provided that Defendant was to pay a $ 5,000 fine at the time the agreement was signed. Settlement Agreement ¶¶ 1–5 (Nov. 9, 2009). Specifically, Defendant was required to enter into a boundary line agreement with the northerly adjoining property owners, establishing the location of their common boundary line, within sixty days of the Settlement Agreement, that is, by January 8, 2010. Id. ¶ 1.[3] In connection with the boundary line agreement, Defendant was required to obtain a "mylar" showing the agreed boundary line for recording in the land records. Id. ¶ 2. The boundary line agreement and the "mylar" were required to be filed in the Town's land records within seventy days of the Settlement Agreement, that is, by January 18, 2010. Id. ¶ 3. Within 10 days of the recording of the boundary line agreement and mylar, Defendant was required to file a zoning permit application for the mud room and adjoining deck. Id. ¶ 4.

The Settlement Agreement provided that "[t]he Town will not pursue enforcement for existing violations which will be cured by this Agreement so long as

---

[3] The northerly adjoining property owners, the Coutures, were not a party to the 2008 enforcement action and were not signatories to the Settlement Agreement.

3

[Defendant] complies with its terms." Id. ¶ 7. It also provided that, "[i]n the event that [Defendant] does not carry out the terms of this Agreement, the town will be entitled to refile a notice of violation and recover all costs and attorney's fees in any enforcement action." Id. ¶ 8.

Defendant proceeded to complete each of the actions required by the settlement—entering into the boundary line agreement, filing the agreement and mylar in the land records, and filing the required zoning application with the Town. Defendant's Statement of Material Facts ¶ 1 (May 28, 2010). However, Defendant completed each of the actions some weeks later than the timeline established in the Settlement Agreement. Town's Statement of Material Facts ¶ 15. Specifically, Defendant entered into the boundary line agreement with the adjoining property owners on February 4, 2010, twenty-seven days after the January 8, 2010 date. Id. ¶ 16. Defendant filed the boundary line agreement in the land records on February 18, 2010, thirty-one days after the January 18, 2010 date, id. ¶ 17, and filed the mylar in the land records on March 9, 2010, fifty days after the January 18, 2010 deadline. Id. ¶ 18. Defendant filed a complete zoning permit application on March 26, 2010, seventeen days after the recording of the boundary line agreement and mylar, that is, seven days after the ten-day time period established in the Settlement Agreement. Id. ¶¶ 19–20.

On March 29, 2010, the Town filed the complaint in the present enforcement action, seeking removal of the mud room and deck and seeking a fine of forty dollars per day from February 13, 2006, with credit being given for the $5,000 fine already paid under the Settlement Agreement.[4] The complaint alleges both that Defendant "has not done the things he was supposed to do pursuant to the terms of the settlement

---

[4] Although the complaint was not filed with this Court until March 29, 2009, the summons and complaint had been served on Defendant on March 6, 2010, prior to the time at which Defendant completed some of the actions required under the Settlement Agreement.

4

agreement" and that Defendant "has never corrected the zoning violations in the original notice of violation." Id. ¶¶ 10, 11.

<u>Analysis</u>

Defendant has now moved for summary judgment asking the Court to dismiss the case for lack of jurisdiction, or in the alternative, for lack of any basis for enforcement due to Defendant's completion of all the actions required under the Settlement Agreement. See generally Defendants' Motion for Summary Judgment (May 28, 2010) [hereinafter Motion for Summary Judgment]; Defendant's Reply to Town of Newbury's Response to Motion for Summary Judgment (July 8, 2010) [hereinafter Defendant's Reply].

Under 24 V.S.A. § 4451, municipal administrative officers are authorized to issue Notices of Violation to persons who violate any provision of a municipal bylaw. After a Notice of Violation is issued, it can be appealed to an appropriate municipal panel within fifteen days. Id. § 4465(a). If the notice is not appealed, it becomes final and no party can later contest the existence of the violation, either directly or indirectly. See id. § 4472(d) (If an act or decision of the administrative officer is not appealed to the municipal panel, "all interested persons affected shall be bound by that decision or act of that officer . . . and shall not thereafter contest, either directly or indirectly, the decision or act."). After a Notice of Violation has been issued, and the seven days to cure the violation has elapsed, a municipality is then authorized under 24 V.S.A. § 4451 and § 4452 to bring an enforcement action in this Court regarding that violation. See 24 V.S.A. § 4451(a) (stating that an enforcement action can be brought after "the alleged offender has had at least seven days' warning notice by certified mail").

In this case, the February 2006 Notice of Violation was not appealed by Defendant under 24 V.S.A. § 4465. Defendant's failure to appeal that Notice of Violation made it final under 24 V.S.A. § 4472(d), so that Defendant cannot contest the

5

fact of the violation in the present action or otherwise. Of course, the circumstances of the violation, and any remedial work since that time, may be considered by the Court in determining an appropriate penalty amount. See generally, e.g., <u>Town of Northfield v. Drown</u>, No. 218-10-08 Vtec (Vt. Envtl. Ct. Apr. 6, 2010) (Durkin, J.) (When a defendant fails to appeal a Notice of Violation, and therefore the existence of the violation is established and cannot be challenged, this fact does not conclusively establish any amount of penalty; the Court will conduct a separate analysis during the penalty phase and fashion an appropriate remedy based on the circumstances of the case.); <u>Town of Greensboro v. Pellegrini</u>, Nos. 87-5-05 Vtec & 157-8-05 Vtec (Vt. Envtl. Ct. Nov. 7, 2006) (Wright, J.) (same).

The issues presented in the present motion are whether the Settlement Agreement entered into by the parties, or the Town's subsequent withdrawal of the 2008 Complaint, prohibit the Town from filing the 2010 Complaint, and whether any justiciable issue remains in the present enforcement action. Defendant argues that the Court lacks jurisdiction because the enforcement action "seeks to enforce the settlement agreement," which he asserts is not an agreement that the Court has authority to enforce. Defendant's Reply, at 3; Motion for Summary Judgment, at 1–2.

The parties mutually agreed not to file the Settlement Agreement with this Court in Docket No. 298-12-08 Vtec. If the settlement had been signed by the Court or otherwise been incorporated into a court order, then the Court would have authority directly to enforce its terms, through a contempt proceeding or other post-judgment proceeding. See generally, e.g., <u>In re: Three Church Street</u>, Nos. 22-2-06 Vtec & 174-7-06 Vtec (Vt. Envtl. Ct. Dec. 16, 2008) (Wright, J.) (exercising jurisdiction over a settlement agreement that was issued as a "consent order" by the Court).[5]

---

[5] The validity of a settlement agreement that is not incorporated into a court order—at least in the context of divorce proceedings and when a final decree has been entered by the court—may be interpreted by the court with jurisdiction of the original action. See

6

However, the fact that Docket No. 298-12-08 Vtec was instead withdrawn by the Town does not mean that the Court lacks jurisdiction to adjudicate the present enforcement action. Defendant's characterization of the action brought by the Town as one to "enforce the Settlement Agreement" is inaccurate. Although the Town references the Settlement Agreement in its Complaint, see 2010 Complaint ¶¶ 8–10, the action that it has brought is one for enforcement of the original violations stated in the 2006 Notice of Violation, not to enforce the terms of the Settlement Agreement.

Regardless of whether Defendant has complied with the terms of the Settlement Agreement, and regardless of whether the delay in the remedial actions should be attributed to Defendant or should be considered to be noncompliance with the Settlement Agreement, the Town has statutory authority to file this enforcement action of the 2006 violations under 24 V.S.A. § 4451 and § 4452. Without "enforcing" the Settlement Agreement, the Court may consider the text of the Settlement Agreement, together with the other circumstances of Defendant's compliance efforts, in determining the appropriate relief, if any, in the present enforcement action.

Similarly, the fact that the Town previously filed an enforcement action regarding the 2006 violations, and subsequently withdrew that action based on an agreement of the parties, does not impair the Town's ability to file the 2010 Complaint. The withdrawal of the 2008 Complaint was not done with prejudice, and no order was

Quinn v. Schipper, 2006 VT 51, ¶ 7, 180 Vt. 572 (even when a document is found to be a "separate enforceable contract[]," it may still be considered "part of the divorce proceedings, and . . . within the family court's jurisdiction" (quoting Manosh v. Manosh, 160 Vt. 634, 634 (1993) (mem.))); Manosh, 160 Vt. at 634 (stating that "[a]lthough [it is] an independent contract, the settlement agreement was part of the divorce proceedings, and is within the family court's jurisdiction"). On the other hand, after the underlying action in a civil case has been dismissed—in a case in which no judgment order or decree incorporated or approved the terms of the settlement agreement—the "original action is thus no longer on the docket," and the Supreme Court has ruled that the settlement agreement is unenforceable in that original action. Petition of Telesystems Corp., 148 Vt. 411, 413 (1987).

7

entered by the Court limiting the Town's authority to refile a complaint based on the 2006 violations. Defendant acknowledges in his motion that "[t]he Town's only remedy for injury under that contract is to file a new complaint against [Defendant]." See Motion for Summary Judgment, at 2. Accordingly, this Court has jurisdiction of the enforcement action under 24 V.S.A. § 4451 and § 4452.

Defendant also argues that this enforcement action should be dismissed because the complaint does not present a sufficient "case or controversy"; that is, Defendant argues that the Town has suffered no "injury" that can be "redressed" through this enforcement action. Motion for Summary Judgment, at 3. Defendant argues that the 2006 violations that were the subject of the 2006 Notice of Violation have since been cured under the Settlement Agreement, and therefore there is no injury to redress. Id. at 3–4.

Defendant may be correct as to any remedial relief sought by the Town in the 2010 Complaint, but the fact that a violation has been remedied does not resolve the issue of whether or how much of a penalty should be paid for the past violation. This Court has made it clear that "remedial acts do not make their past zoning transgressions evaporate" and "[z]oning violators who have cured may nonetheless be found to owe civil fines for their past violations" under 24 V.S.A. § 4451 and § 4452. In re: Cote Notice of Violation, Nos. 273-11-06 & 165-8-07 Vtec, slip op. at 3 (Vt. Envtl. Ct. Dec. 5, 2007) (Durkin, J.). See also id. at 4 ("Because § 4451 provides statutory authority to impose fines for violations of zoning bylaws, whether such violations remain pending at trial or been previously corrected, a justiciable issue remains for this Court to adjudicate, whether Appellant here has completed the necessary remedial work or not."). Any remedial acts performed by Defendant under the Settlement Agreement or otherwise do not eliminate the issue of whether a penalty should be paid attributable to the period of violation, if any, and therefore a justiciable issue remains for this Court to adjudicate in the present enforcement action.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Defendants' Motion for Summary Judgment is DENIED, as this enforcement action is properly before the Court under 24 V.S.A. § 4451 and § 4452. A telephone conference has been scheduled (see enclosed notice); please be prepared to discuss the scheduling of any remaining proceedings in this matter.

Done at Berlin, Vermont, this 28th day of July, 2010.

_____
Merideth Wright
Environmental Judge