2011 VT 133

Laurie WILSON v. Craig WILSON

[38 A.3d 50]

No. 10-447

¶ 1. December 12, 2011. Husband appeals from a family division order dismissing his motion to modify part of a 2005 final divorce decree. The court concluded that the provision at issue pertained to property division and husband did not demonstrate a basis to modify its terms. On appeal, husband argues that the court abused its discretion in dismissing the motion as a matter of law and not considering the merits of his request for relief from judgment under Rule of Civil Procedure 60(b). See V.R.F.P. 4(a)(1) (making Vermont Rules of Civil Procedure applicable to family division unless otherwise specified). We affirm.

¶ 2. The parties were married in May 1979 and divorced in October 2005. At the time, their youngest child was nine years old. The final order granted wife sole legal and physical rights and responsibilities of the minor children. Wife was also granted possession of the marital home — the parties' most significant asset — during the children's minority. The order delineated that wife was responsible for the mortgage and home equity loan payments, and for paying for routine repairs and upkeep. The parties were required to equally share payment of the property taxes and insurance as well as any necessary repairs over $250. The order explained that when the parties' youngest child turns eighteen or graduates from high school — likely in 2014 — the house will be sold and the parties will share the proceeds with wife receiving fifty-two percent and husband forty-eight percent. The final order specifically delineated that the property settlement was "not in lieu of maintenance," and that neither party was entitled to maintenance.

¶ 3. In August 2010, husband filed a motion to modify the divorce decree, claiming that after being laid off in January 2009, he remained unemployed and did not have the financial means to continue sharing the costs of taxes, insurance and maintenance on the house. He asked to be relieved of his obligation of paying for one-half of the taxes and future maintenance. He also asked that the house be placed on the market immediately instead

of in 2014. Wife moved to dismiss, arguing, among other things, that there were no grounds to modify under Vermont Rule for Family Proceedings 4, or Vermont Rules of Civil Procedure 59 or 60. In a subsequent memorandum, husband argued that the property division requirements could be altered pursuant to Rule of Civil Procedure 60(b)(6), made applicable to divorce proceedings by Rule for Family Proceedings 4(a)(1), to prevent hardship or injustice.

¶ 4. The court held a hearing on the motion and issued a ruling from the bench. The court emphasized that to preserve the finality of property division awards, Vermont law does not allow property awards to be modified after a final divorce order has issued. The court explained that Rule 60(b)(6) could not be applied "as a substitute for [these] other provisions of law," and found no extraordinary circumstances warranting relief. Therefore, the court held that there were no grounds to modify and dismissed the motion. Following the hearing, the court issued a written order dismissing the matter. Husband appeals.

¶ 5. "Vermont law is clear that the court cannot modify the property disposition aspects of a divorce decree absent circumstances, such as fraud or coercion, that would warrant relief from a judgment generally." *Boisselle v. Boisselle*, 162 Vt. 240, 242, 648 A.2d 388, 389 (1994). Under Rule 60(b)(6), a motion for relief from judgment may be "granted only in extraordinary circumstances," *Adamson v. Dodge*, 174 Vt. 311, 327, 816 A.2d 455, 468 (2002), to "prevent hardship or injustice." *Cliche v. Cliche*, 143 Vt. 301, 306, 466 A.2d 314, 316 (1983). Such a motion "is addressed to the sound discretion of the trial court, and is not subject to appellate review unless it clearly and affirmatively appears on the record that such discretion was withheld or abused." *Id.* at 306-07, 466 A.2d at 316-17.

¶ 6. On appeal, husband argues that the court withheld its discretion in dismissing his motion without considering if it met the requirements of Rule 60(b)(6). According to husband, the court denied the motion as a matter of law without addressing the merits of husband's arguments. We conclude that the court adequately considered husband's claims and its denial of relief was entirely within its discretion. The court carefully considered husband's claim. It concluded that husband's interest in the property was a "straightforward property interest," and there were no unusual circumstances that would warrant altering the terms of the final order. Our law "places great emphasis on the finality of property divisions." *Youngbluth v. Youngbluth*, 2010 VT 40, ¶ 10, 188 Vt. 53, 6 A.3d 677. In this case, no "fraud or coercion" or other special circumstance is present. *Boisselle*, 162 Vt. at 242, 648 A.2d at 389. Thus, the court did not abuse its discretion in determining that husband's claims of financial hardship were insufficient to warrant relief under Rule 60(b)(6). See *Adamson*, 174 Vt. at 326-27, 816 A.2d at 468 (affirming trial court's denial of relief under Rule 60(b)(6)).

¶ 7. Next we address husband's argument that the payments are analogous to maintenance and therefore can be modified on that basis. We conclude that the provisions at issue here were not spousal maintenance. The final order specifically stated that neither party was entitled to maintenance and wife's possession was limited to the period of the children's minority. These facts demonstrate that the provisions relating to the house were aspects of property division and not maintenance. See *Boisselle*, 162 Vt. at 245-46, 648 A.2d at 391 (concluding that similar provision granting wife temporary possession of marital home during children's minority was not spousal maintenance).

*Affirmed.*