NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 70

No. 2018-004

| | |
|---|---|
| Sandra L. Penland (Warren) | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Windsor Unit, |
| | Family Division |
| | |
| John W. Warren, Jr. | May Term, 2018 |

Elizabeth D. Mann, J.

Sandra L. Penland (Warren), Pro Se, West Lebanon, Plaintiff-Appellee.

Susan Buckholz, Quechee, for Defendant-Appellant.

PRESENT:  Reiber, C.J., Skoglund, Robinson and Carroll, JJ., and Morris, Supr. J. (Ret.),
          Specially Assigned

¶ 1.    **REIBER, C.J.**   Husband appeals the trial court's denial of husband and wife's joint motion to modify their final divorce order.  The issue in this case is whether the trial court has jurisdiction under Vermont Rule of Civil Procedure 60(b)(6) to modify a property-division order based on the agreement of the parties after the divorce order has become absolute.  We hold the court does have jurisdiction, and accordingly we reverse and remand.

¶ 2.    Husband and wife divorced in 2011.  Under their final stipulated property division, they each received fifty percent of husband's pension from the Vermont Teachers Retirement System.  Husband transferred a half-interest to wife by means of a Qualified Domestic Relations Order (QDRO), and she has received regular payments since the divorce.

¶ 3.     Sometime after the divorce became final, husband received a medical diagnosis that precluded employment and shortened his life expectancy. His inability to work increased his need for his full pension income. Because husband's pension is tied to his life, husband's health issues meant wife would lose her income from husband's pension if he predeceased her, and she might not receive the full value of her interest as contemplated in the final divorce order. Therefore, the parties agreed to modify the final property division in a way they believed would be mutually beneficial. Husband obtained an actuarial valuation of the remainder of his pension. Husband agreed to pay wife one-half of the remaining value of his pension in a lump sum from his share of his mother's trust. In exchange, wife agreed to have the full value of husband's pension restored to him so that he would receive the full benefit of the pension income.

¶ 4.     In August 2017, the parties filed a joint motion pursuant to Vermont Rule of Civil Procedure 60(b)(6) to modify the final divorce order in accordance with this agreement. The court denied the motion, stating it lacked jurisdiction to modify the property division in a final divorce order and the parties could form an independent contractual arrangement. In November 2017, the parties filed a second joint motion to modify the final divorce order according to the same terms, and the court again denied the motion on the same basis.

¶ 5.     Husband appeals this order, and wife agrees with and supports husband's request for relief. The parties argue that the court abused its discretion in denying their joint motion under Rule 60(b)(6) because a modification is necessary to prevent hardship and injustice to the parties. They also note that their motion was filed within a reasonable time and the other subcategories of Rule 60(b) do not apply.

¶ 6.     We review a court's exercise of discretion in denying a request for relief under Rule 60(b)(6) for an abuse of discretion. Richwagen v. Richwagen, 153 Vt. 1, 3-4, 568 A.2d 419, 420 (1989) (reviewing decision regarding Rule 60(b)(6) request to modify property division in divorce order for abuse of discretion). However, here the court declined to exercise its discretion because

2

it found, as a matter of law, that it lacked jurisdiction to modify the property division. Whether the court has authority to exercise its discretion is a legal issue that we review de novo. Youngbluth v. Youngbluth, 2010 VT 40, ¶ 9, 188 Vt. 53, 6 A.3d 677 (reviewing legal issue implicated in property-division order de novo).

¶ 7. Under Rule 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding" for several enumerated reasons, such as mistake, V.R.C.P. 60(b)(1), and fraud, V.R.C.P. 60(b)(3). Rule 60(b)(6) authorizes relief for "any other reason justifying relief from the operation of the judgment." The subsection is available only where the other criteria under Rule 60(b) do not apply. Olio v. Olio, 2012 VT 44, ¶ 14, 192 Vt. 41, 54 A.3d 510. Rule 60(b)(6) is a "general catch-all provision" that is "designed to give the court the flexibility to see that the rule serves the ends of justice." Reporter's Notes, V.R.C.P. 60. Although the rule "is to be liberally construed to prevent hardship or injustice," its reach is limited. Olio, 2012 VT 44, ¶ 14. The rule "does not protect a party from tactical decisions which in retrospect may seem ill advised," Rule v. Tobin, 168 Vt. 166, 174, 719 A.2d 869, 874 (1998) (quotation omitted), and it is not an "open invitation to reconsider matters concluded at trial," John A. Russell Corp. v. Bohlig, 170 Vt. 12, 24, 739 A.2d 1212, 1222 (1999) (quotation omitted). "We must be concerned about the certainty and finality of judgments so that litigation can reach an end." Richwagen, 153 Vt. at 4, 568 A.2d at 421; see also Youngbluth, 2010 VT 40, ¶ 10 (emphasizing that "Vermont places great emphasis on the finality of property divisions").

¶ 8. But Rule 60(b)(6) is available and appropriately used to provide relief from a final property-division order where "extraordinary circumstances" justify relief "to prevent hardship or injustice." Wilson v. Wilson, 2011 VT 133, ¶ 5, 191 Vt. 560, 38 A.3d 50 (mem.) (quotations omitted). This opportunity for relief applies to final property divisions in divorce orders as it does to other final orders and judgments. See id. ¶¶ 5-6 (affirming that court can modify divorce order

3

under Rule 60(b)(6) only if there are "unusual circumstances" that "would warrant relief from a judgment generally" (quotations omitted)).

¶ 9. We have previously reviewed trial court decisions regarding requests for relief from final property divisions. For example, in Wilson, the husband requested relief under Rule 60(b)(6) from his obligation under the property settlement to pay property taxes and insurance on the marital home due to his loss of employment. 2011 VT 133, ¶ 3. After a hearing, the trial court denied the motion because it "found no extraordinary circumstances warranting relief." Id. ¶ 4. We affirmed, stating that the trial court "carefully considered husband's claims" and "its denial of relief was entirely within its discretion." Id. ¶ 6. Similarly, in Richwagen, the Court held that the trial court had discretion to consider whether to modify a property division under Rule 60(b)(6) and affirmed the court's finding that no basis for modification existed. 153 Vt. at 3-4, 568 A.2d at 420-21. These cases indicate that "extraordinary circumstances warranting relief" may be rare, but the court does have authority to exercise its discretion pursuant to Rule 60(b)(6) to determine whether such circumstances exist to justify modification of a property division after the final divorce order has become absolute. Wilson, 2011 VT 133, ¶ 3.

¶ 10. We do not decide here whether the trial court should grant the requested relief. The court has not exercised its discretion, so there is no discretionary decision to review. Instead, we remand the decision to the trial court so that it may consider all the circumstances and determine whether relief is appropriate in this situation. We reiterate that relief under Rule 60(b)(6) is appropriate in "extraordinary circumstances" in order to "prevent hardship or injustice." Id. ¶ 5. In considering whether such circumstances exist here, the court should note that the parties have agreed to a stipulated modification. This is not a situation where one or both parties seek to continue litigation past its end. See Richwagen, 153 Vt. at 4, 568 A.2d at 421 (stating "the grounds for relief authorized under Rule 60(b)(6) are broad" but limited by need for "certainty and finality of judgments so that litigation can reach an end"). Rather, this situation is an attempt to respond

4

in a mutually beneficial way to emerging circumstances. Although the court has discretion to decline to accept a stipulated modification, it is more likely that modification under Rule 60(b)(6) is appropriate where the parties have stipulated to an agreement. The court should also consider the parties' mutual need for the change and whether they are unable to create an adequate contractual remedy, given that husband's pension funds are tied to his life and the funds are disbursed through a QDRO as they become available.

<u>Reversed and remanded for additional proceedings consistent with this opinion</u>.

FOR THE COURT:

_____

Chief Justice