VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 22-ENV-00081



| Burchard Road Petition to Abandon Land Use Permit |
|---|

## ENTRY REGARDING MOTION

Motion:         Motion for Relief from Judgment

Filer:            Jon Anderson, Attorney for Myrna Nathin

Filed Date:    October 31, 2023

Memorandum in Opposition, filed by Appellant Kathleen Beasley on November 7, 2023

Memorandum in Opposition, filed by Jenny E. Ronis, Attorney for Vermont Natural Resources Board
        on November 22, 2023

Reply to Memorandum in Opposition, filed by Jon Anderson on November 27, 2023

**The motion is DENIED.**

This is an appeal of an August 5, 2022 decision by the District #2 Environmental Commission (the "District Commission"), denying Adam, Kathleen, and Michael Beasley's ("Appellants") Petition to Abandon Land Use Permit #2W0848 for the property located at 54 Burchard Road in Dover, Vermont (the "Property").  Appellants are successors in interest to Permit #2W0848 and sought to lift Act 250 jurisdiction from the Property.  Appellants timely appealed the District Commission's denial to this Court on August 24, 2022.  On January 9, 2023, this Court entered a stipulated judgment order, ruling that Permit 2W0848 was abandoned as to the Property and remanding to the District Commission to incorporate the decision.  Burchard Rd. Petition to Abandon Land Use Permit Denial, No. 22-ENV-81 (Vt. Super. Ct. Envtl. Div. Jan. 9, 2023) (Durkin, J.) (the "January Order").  Myrna Nathin, a neighboring landowner who was not a party to these proceedings, now seeks post-judgment relief from the January Order pursuant to Vermont Rules of Civil Procedure (V.R.C.P.) Rule 60(b).

In this appeal, Attorney Jon Anderson represents the non-party neighbor, Myrna Nathin.  Attorney Jenny Ronis represents the Vermont Natural Resources Board.  Appellants are self-represented.

**Discussion**

Ms. Nathin, pursuant to V.R.C.P. 60(b), seeks to reopen this appeal and void the January Order, arguing that she did not receive notice of the abandonment proceedings before the District Commission pursuant to Act 250 Rule 38(D). Additionally, she argues that there is no legal basis for abandoning Permit 2W0848 at the Property.

V.R.C.P. Rule 60(b) allows a court to relieve a party from a final judgment for various enumerated reasons. Ms. Nathin argues that her motion should be granted under subsections (1) and (3), which allow a court to provide relief from a final judgment when mistake or misrepresentation is alleged.[1]

Ms. Nathin was not a party to the action before this Court and, as such, she is a third party to the action. Vermont courts have not interpreted the issue of whether third parties can make Rule 60(b) motions. V.R.C.P. 60(b) is, however, consistent with the corollary Federal Rule of Civil Procedure. See V.R.C.P. 60(b), Reporter's Notes (noting that "[t]his Rule is substantially identical to Federal Rule 60"). The interpretation of the Vermont Rules of Civil Procedure is guided by federal precedent on identical federal rules. Salatino v. Chase, 2007 VT 81, ¶ 7, 182 Vt. 267. Federal courts interpreting Federal Rule 60(b) have routinely held that, absent certain exceptions not applicable here, third parties to lawsuits are without standing to make a Rule 60(b) motion. See, e.g., Irvin v. Harris, 944 F.3d 63, 69-70 (2d Cir. 2019); Cook Cnty., Illinois v. Texas, 37 F.4th 1335, 1344 (7th Cir. 2022); see also, Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2865 (3d ed. 2012) (explaining that a person who was not a party to the original litigation lacks standing to make a 60(b) motion). Since Ms. Nathin was not a party to the suit giving rise to the January Order, she is not entitled to relief under V.R.C.P. Rule 60(b).[2] Therefore, her motion must be **DENIED**.

Further, there is a specific rule governing the reopening of an appeal period for lack of notice. The Vermont Rules of Appellate Procedure ("V.R.A.P.") allow a superior court to reopen the time to file an appeal when a party entitled to receive notice alleges that she did not receive such notice of an entry of judgment or order. V.R.A.P. Rule 4(c). The motion to reopen the time to file an appeal must be filed within 90 days of entry of the judgment or within 14 days of receipt of notice of the judgment, whichever is earlier. Id.[3]

---

[1] Ms. Nathin argues that the mistake/misrepresentation occurred when Appellants failed to mention the construction of a fire retention pond in their Petition for Abandonment.

[2] Ms. Nathin points to no exception allowing her to raise such a motion before this Court as a third party.

[3] V.R.A.P. 4(c) contains additional mandatory requirements for granting such a motion that, for the reasons set forth herein, are not relevant.

Even if this Court were to generously read the pending motion as one to reopen the time to file an appeal pursuant to V.R.A.P. 4(c), the motion would similarly need to be denied. The District Commission entered their judgment in August 2022. Ms. Nathin and counsel received notice of the District Commission decision on August 10, 2023, when they concurrently learned of the January Order. See Appellants' Exhibit 1 to Memorandum in Opposition (email correspondence with Ms. Nathin's attorney attaching a copy of the January Order). Pursuant to V.R.A.P. 4(c), a motion to reopen the time to file an appeal must be made within 90 days of the date of the underlying appealable decision, or 14 days of the date of notice, whichever is earlier. See V.R.A.P. 4(c)(1) (emphasis added). Ninety days from the date of the District Commission decision was November 3, 2022. Fourteen days from August 10, 2023 was August 24, 2023. Pursuant to V.R.A.P. 4(c)(1), Ms. Nathin's motion to reopen the time to file an appeal would have been due by November 3, 2022. Instead, her motion came on October 31, 2023, nearly a year after that deadline and more than 82 days from her receipt of notice. Thus, even if this Court were to view this motion under the guise of V.R.A.P. 4(c), her motion is significantly untimely. There are, therefore, no grounds to grant Ms. Nathin the relief that she is ultimately requesting here: the ability to litigate Appellants' underlying petition and appeal of the District Commission's decision.[4]

Accordingly, we conclude that Ms. Nathin is without standing to move for post-judgment relief pursuant to Rule 60(b). Further, even if the Court were to address the substance of the motion while ignoring its form, which effectively seeks the ability to pursue an appeal, the present motion is untimely, and reopening the case at this time would lead to an improper attack on a final judgment.

For the foregoing reasons, we **DENY** the present motion.

Electronically signed at Brattleboro, Vermont on Friday, January 12, 2024, pursuant to V.R.E.F. 9(d).

Thomas S. Durkin, Superior Judge
Superior Court, Environmental Division

---

[4] In ruling on other Rule 60(b) motions for post judgment relief, the Vermont Supreme Court has emphasized the importance of finality. See, e.g., Penland v. Warren, 2018 VT 70, ¶ 7, 208 Vt. 15 (explaining that courts must be concerned with the finality of judgments).