Filed 10/24/24

VERMONT SUPERIOR COURT

Orange Unit
5 Court Street
Chelsea VT 05038
802-685-4610
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-00866

| The Housing Foundation, Inc. v. Malinda Moser |
|---|

## ENTRY REGARDING MOTION

Title:        Motion for Relief From Judgment  (Motion: 6)
Filer:        Malinda Moser
Filed Date:   October 16, 2024

The motion is DENIED.

After careful consideration of the parties' filings and a review of the July 29, 2024 hearing in this matter, the Court finds that there are no grounds to re-open this matter under V.R.C.P. 60(b). While the Court does not render this decision lightly, it is obligated to follow the standards for relieving a party from a judgment under V.R.C.P. 60(b).

In her Motion Defendant Moser raises the following arguments in favor of re-opening the judgment: (1) she did not receive actual notice of the termination of tenancy under 9 V.S.A. § 4467 as that term is defined under 9 V.S.A. § 4451; (2) she could not talk at the July 29, 2024 bench trial in this matter because her alleged domestic abuser was present in the courtroom and her mental health was in such a state that her anxiety "jam[med] the circuits"; and (3) she was confused by whether paying her rent would allow her to stay or not.  The Court understands from Defendant's motion that she seeks to be relieved of the Court's judgment under V.R.C.P. 60(b)(6), which allows a court to grant such relief for "any other reason justifying relief from the operation of the judgment."  V.R.C.P. 60(b)(6).

A motion to relieve a party from judgment under Rule 60(b)(6) is a limited remedy and "may only be granted in extraordinary circumstances to prevent hardship or injustice." *Wilson v. Wilson*, 2011 VT 133, ¶ 5 (mem.).  While it should be "liberally construed to prevent hardship or injustice," "it is not an open invitation to reconsider matters concluded at trial." *Aerie Point Holdings, LLC v.*

*Vorsteveld Farm, LLC*, 2024 VT 29, ¶ 12 (internal citations omitted). The motion is not a substitute for an appeal. Id.

To put the standard in slightly more accessible language, the purpose of a Rule 60(b)(6) motion is to give parties a limited chance to point to some part of the judgment, record, or process that was unfair—for any number of reasons—and to give the Court a chance to correct the process. It is not an opportunity to re-try the case or to see if a different court will render a different decision. All judgments can feel unfair or unwarranted to the side that does not prevail, but the purpose of a Rule 60(b)(6) motion is more limited.

In this case, the record shows that Defendant Moser's first point, that she did not receive actual notice of the termination of her tenancy, was raised early and often throughout her litigation. It also shows that this claim was effectively rebutted by Plaintiff's evidence and testimony. Plaintiff demonstrated that Defendant had access to her mailbox at the stated address. Plaintiff showed that Defendant had received mail at the same mailing address through evidence of cashed payments made to her for utilities. Actual notice is intended to be a more informal method of delivering notice, as opposed to formal service under V.R.C.P. 4. While Defendant presented evidence indicating that she did not receive the notice, Plaintiff put on equally strong evidence suggesting that Defendant did receive the notice and should have received the notice. Moreover, this factual dispute was fairly put before the trial court during the July 29th trial and process leading up to trial. The Court's decision indicates that it considered the evidence and rendered a judgment. For these reasons, the Court finds no hardship or injustice from this process.

As to Defendant's second argument, the record simply does not support Defendant's statements. While Defendant may have been nervous and may have felt intimidated by individuals in the courtroom, the record does not reflect any type of shutdown or inability to articulate either questions or arguments. Defendant was able to represent herself, ask questions of the parties, make arguments, and articulate the remedies that she continues to seek. The record does not show any objections to the individual being in the courtroom, any evidence of disruptions or delay, or any discussions about removing the individual. As a public courtroom, the individual had a right to be there so long as he did not interrupt or interfere with the proceedings. See *Huminski v. Corsones*, 396 F.3d 53, 80–85 (2d Cir. 2005) (individuals enjoy a first amendment right to access state courthouses).

To the extent that Defendant was affected, the record does not have any objective indicia that would support a finding that the trial was impaired, improper, or unfair. To the extent that both Defendant's mental health and the presence of the alleged abuser may have created limitations on her ability to present, there is little relief that the Court can offer. There is an old saying that parties are entitled to a fair trial, not a perfect one. *Lutwak v. United States*, 344 U.S. 604, 619 (1953). That maxim controls in the present case as the record simply does not support the relief sought.

Finally, Defendant argues that there were confusing components to the notice, and that she was left without an understanding as to whether she could bring her rent current and cure the eviction, or if the eviction was uncurable. This confusion arises from the fact that Vermont residential law has different provisions and features depending on the nature of the eviction. Eviction based on non-payment of rent is always curable by bringing the rent current any time before the writ of possession is executed. 12 V.S.A. § 4773. If the eviction is based on for cause or no cause grounds, then this provision does not apply, and there is no right to cure. To further complicate matters the Vermont Residential Act permits landlord to bring multiple claims for terminating the tenancy at the same time. 9 V.S.A. § 4467(i). Thus, a tenant may be facing an eviction based on more than one cause, and the tenant may only have the right to cure one of the bases. In the present case, Plaintiff's claims for ejectment were premised on a termination for non-payment of rent and for-cause. This meant that while Defendant could potentially cure the non-payment of rent claim, she could not cure the for-cause claims. More important to the immediate motion, there is no legal or equitable defect in these claims or the limited rights to cure that would undermine the present judgment. For these reasons, this portion of Defendant's motion is denied.

## ORDER

Based the foregoing, Defendant's motion for relief from judgment under V.R.C.P. 60(b) is **Denied.** The Stay on the writ of possession is lifted, and Plaintiff may move forward with service and execution of this Writ.

Electronically signed on 10/24/2024 4:16 PM pursuant to V.R.E.F. 9(d)

Daniel Richardson
Superior Court Judge