VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      24-AP-396



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM,   2025

Cindy Gaines v. Edmund Gaines, III\*

}  APPEALED FROM:
}  Superior Court, Rutland Unit,
}  Family Division
}  CASE NO. 21-DM-00433
Trial Judge: John W. Valente

In the above-entitled cause, the Clerk will enter:

This case involves post-judgment proceedings in a divorce action.  Husband appeals the family division's order denying his second motion for relief from judgment and granting wife's motion to hold him in contempt for failure to comply with the terms of the divorce order.  We affirm.

The court found the following.  In March 2022, the parties stipulated to a divorce agreement, which required husband to pay wife $1400 per month in spousal maintenance for 180 months beginning April 1, 2022, and a lump sum of $12,500 by March 2024.  The settlement also required husband to discharge the mortgage on the parties' Connecticut home by April 2023.  The stipulation was approved by the court and the parties were granted a divorce without a hearing.

In March 2023, husband filed a motion for relief from judgment under Vermont Rule of Civil Procedure 60(b)(2) and (3).  See V.R.F.P. 4.0(a)(2) (making civil rules applicable in divorce proceedings).  Husband alleged newly discovered evidence and fraud by wife, claiming that she did not fully disclose her income and assets at the time of the divorce.  The trial court denied the motion because husband did not allege with particularity the grounds for the motion or provide any specific facts to support his assertions of fraud.  Husband moved to reconsider and the court denied the motion in April 2023.

In June 2023, wife moved to enforce the final order, claiming that husband had not complied with conditions of the property settlement.  Husband did not respond, and the court granted the motion in July 2023, ordering husband to discharge the mortgage as required by the

settlement. In September 2023, wife moved for contempt based on husband's failure to abide by conditions of the parties' stipulation, including failing to pay spousal maintenance and failing to discharge the mortgage. In November 2023, wife filed a motion for judgment on her contempt motion.

In April 2024, the court found husband willfully and intentionally did not comply with the court's July 2023 order, failed to pay spousal maintenance, and failed to discharge the mortgage. It ordered husband to discharge the mortgage, pay the maintenance arrearage, and pay wife's attorney's fees.

In June 2024, wife again moved for contempt after husband failed to comply with the court's order. The court ordered husband to file an answer within twenty-one days pursuant to Vermont Rule for Family Proceedings 16, directing husband to make any factual allegations under oath and to assert any inability to pay with supporting material and information. Husband filed an answer to the contempt motion, admitting the allegations but claiming that he did not have the financial ability to comply with the court's order. He did not provide supporting information. The court granted husband additional time to provide this documentation. In July 2024, husband filed a renewed motion for relief from judgment, again alleging that wife fraudulently reported her income and assets to the court.

The court denied husband's motion for relief from judgment on three grounds. First, the court held that the motion was untimely because motions based on fraud must be filed within one year of judgment. Second, the court found that husband's motion again failed to state with particularity the grounds to support the fraud allegation. Finally, the court concluded that, to the extent husband was seeking to modify spousal maintenance, his request was not accompanied by the financial affidavit or other documentation required by rule.

As to wife's motion for contempt, the court was not persuaded by husband's claim that he did not willfully disobey because he filed motions for relief from judgement and did not have the financial ability to comply. The court explained that husband's motions for relief from judgment did not absolve him of responsibility for complying with the divorce judgment. Moreover, the court found that husband had not met his burden of showing that he was unable to pay any portion of the judgment. The court found that husband had monthly income of $6,557.85 and was the beneficiary of a trust that had significant real property and investment holdings and provided him with additional income. The court found that even if husband could not use the trust money directly, it could be used for his monthly expenses of $7,741, allowing his income to be used to pay wife. The court therefore granted the contempt motion, concluding that wife proved by a preponderance of the evidence that a valid order was in place, husband willfully disobeyed the order, and husband had the ability to comply but refused. The court granted husband sixty days to purge the contempt by paying the outstanding debts.

On appeal, husband first argues that the court abused its discretion in denying his Rule 60(b) motion. Under Vermont law, the property division aspects of a final divorce order may be modified solely based on "circumstances, such as fraud or coercion, that would warrant relief from a judgment generally." Wilson v. Wilson, 2011 VT 133, ¶ 5, 191 Vt. 560 (mem.) (quotation omitted). A Rule 60(b) motion "is addressed to the sound discretion of the trial court, and is not subject to appellate review unless it clearly and affirmatively appears on the record

that such discretion was withheld or abused." Id. (quotation omitted). A motion for relief from judgment based on fraud must be brought within the one-year time limit of Rule 60(b)(3). See Olio v. Olio, 2012 VT 44, ¶ 16, 192 Vt. 41 (explaining that allegations of fraud in Rule 60(b) motion are subject to one-year time limit). Therefore, the court properly denied husband's motion as untimely and we need not reach the trial court's additional reasons for denial of husband's motion.

Husband next claims that the court erred in finding him in contempt. Husband asserts that he lacked the ability to pay wife because the terms of the trust prevented him from accessing its funds to pay wife. In a family proceeding, a party may be held in contempt if the court finds the party knew the party was subject to a court order, failed to comply with the order, and willfully violated the order "in that [the party] had the ability to comply with the order and failed to do so." V.R.F.P. 16(b)(5). If an order creates a financial obligation, the court may order payment of the obligation as a purge condition "providing that the court finds that the person has the present ability to pay the amount ordered." V.R.F.P. 16(c)(4)(D). If a party claims that it lacks an ability to comply with an order, the court must find that the party "not only refused to pay but also that [the party] was under a present duty to pay and had the ability to make the ordered payments." Steele v. Steele, 142 Vt. 112, 114 (1982) (quotation omitted) (emphasis omitted). The burden of proof is on the party asserting the inability to pay. Russell v. Armitage, 166 Vt. 392, 401 (1997).

On appeal, husband reasserts his claim that he was not obligated to comply with the divorce order because he filed motions for relief from judgment. There is no legal support for this assertion. Husband's Rule 60 motion did not negate the order or relieve him from his obligation to comply with it. Even if husband thought that the underlying order was incorrect, that is not an appropriate basis for failing to comply with the order. See Kneebinding, Inc. v. Howell, 2020 VT 99, ¶ 33, 213 Vt. 598 (explaining that person is "generally barred from collaterally challenging the validity of court order in defense to contempt proceeding for violating the order" (quotation omitted)).

Husband also claims that he did not have the financial ability to comply with the order. He argues that his income is insufficient and the trust cannot be used to satisfy the divorce judgment. On appeal from a contempt order we "will uphold trial court findings as long as there is substantial evidence to support them although they are contradicted by credible evidence, and we rely upon the factfinder's weighing of the evidence." Mayo v. Mayo, 173 Vt. 459, 462 (2001) (mem.) (quotation omitted).

Husband fails to show that the court's findings are not supported by the record. Husband contends that the record demonstrates that he had negative income and had no ability to pay. Husband points to testimony indicating that it was up to husband's brother, the trustee, to determine how money from the trust could be used. This evidence does not undermine the court's finding that husband failed to meet his burden of showing an inability to pay because even if trust funds were not directly available, husband did not show why he could not use trust income for his own expenses and his income to pay for maintenance to wife. The record supports the court's decision. The testimony indicated that trust assets included sufficient funds to pay for husband's expenses or for the payments to wife, including a Morgan Stanley account valued at approximately $600,000. Moreover, husband testified that he draws $11,000 a month

from the trust for expenses, and the trustee has never declined a request for funds from the trust. The record supports the court's finding that husband had the ability to pay and repeatedly and willfully violated court orders.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Karen R. Carroll, Associate Justice

_____
Nancy J. Waples, Associate Justice