Vermont Superior Court
Filed 08/28/25
Orange Unit

VERMONT SUPERIOR COURT
Orange Unit
5 Court Street
Chelsea VT  05038
802-685-4610
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 172-10-17 Oecv

| U.S. Bank Trust, N.A. vs. Kelsey |
|---|

## ENTRY REGARDING MOTION

Title:          Response  (Motion: )
Filer:          Clare E Kelsey
Filed Date:     August 27, 2025

The motion is DENIED.

Defendant Clare Kelsey has filed a Motion for Relief under V.R.C.P. 60(b)(3) and (6). Defendant seeks to set aside the judgment of foreclosure in this matter based on alleged discrepancies between the certification of counsel form filed by Attorney Sheldon Katz in this matter and the model certification form as printed in V.R.C.P. 80.1(g).  The Court has reviewed the form at issue, and it finds no basis for Defendant's motion.  The Court also finds that Defendant has not raised this issue within the reasonable time allowed under Rule 60.

### Background

Plaintiff filed the certification document at issue on July 30, 2024 as part of its motion for summary judgment.  The certification complies with V.R.C.P. 80.1(g), except that instead of the phrase "I communicated with Karen Dunalp, a representative of plaintiff," it says, "I communicated by affidavit with Karen Dunalp, a representative of plaintiff."

On September 9, 2024, the Court conducted a status conference and took up the issue of Plaintiff's motion for summary judgment.  Defendant sought, and the Court gave her, 30 days to file an opposition to the motion.  The Court also gave Plaintiff 30 days after that to file a reply.

Neither Defendant, nor Plaintiff filed any additional motion, and on November 15, 2024, the Court took up the pending and unopposed motion for summary judgment.  The Court granted Plaintiff's motion and ordered an accounting.  The Court also granted the motion for foreclosure by

judicial sale under 12 V.S.A. § 4945(a).  On December 18, 2024, the Court issued a Final Judgment and Decree by Foreclosure.  Defendant did not file any objections to these entries.

After the expiration of the 6-month redemption period, Plaintiff advertised the property for a judicial sale through the Journal Opinion a newspaper of general circulation in Thetford, Vermont.  The judicial sale of the property occurred on July 30, 2025.  Plaintiff filed a motion for approval of the sale on August 4, 2025.

On August 27, 2025, Defendant filed, for the first time, an objection to the certification, and through her motion seeks to set aside the November 15, 2024 judgment based on these objections to the Certification form.  Defendant offers no explanation in her motion for the lateness of the motion or why the Court should consider the motion timely.

**Legal Analysis**

Relief under Rule 60 is only available in exceptional circumstances. *Penland v, Warren*, 2018 VT 70, ¶ 10.  Under V.R.C.P. 60(b), a motion to set aside the judgment must be filed "within a reasonable time."  V.R.C.P. 60(b).  The measure of what time is "reasonable" depends on the facts and circumstances of each case.  11 C.WRIGHT & A.MILLER, FED. PRAC. & PROCED. § 2866 (3d. ed. 2025 update).  A party seeking to set aside a judgment under Rule 60(b) bears the burden of showing timeliness and a "satisfactory explanation" for any delay.  *Clayton v. Ameriquest Mortg. Co.*, 388 F.Supp.2d 601, 606 (M.D.N.C. 2005).  In foreclosure cases, failure to raise a challenge to an earlier motion can be untimely once the Plaintiff has acted in accordance with the judgment.  *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 300 (4th Cir. 2017) (denying party's Rule 60 motion where the record showed it had "slept on its rights" to challenge a judgment); *Trade Well International v. United Central Bank*, 825 F.3d 854, 861 (7th Cir. 2016) (denying Rule 60 relief where Defendant had "failed to take quick action to set aside the default judgments"); *Federal Land Bank of St. Louis v. Cupples Bros.*, 889 F.2d 764, 767 (8th Cir. 1989) (finding that a party that waited 10 weeks after a judgment and 12 days before a judicial sale in a foreclosure case to file a Rule 60(b) motion was untimely).

In this case, Defendant was aware of the July 2024 filings for over a year, but she did not file an objection until over a year after the certification was filed and nine months after judgment was entered.  Defendant also waited until the period of redemption closed, and nearly a month after the judicial sale was completed.  There is no explanation in Defendant's motion for the delay.

Entry Regarding Motion
172-10-17 Oecv U.S. Bank Trust, N.A. vs. Kelsey

Page **2** of **3**

Given that Defendant's challenge is to the face of the Certification, this information has been in Defendant's possession since she received the filing in July of 2024. Based on the foregoing, the Court finds that Defendant's motion is untimely under Rule 60, and the motion is **Denied.**

Even if the Court were to consider Defendant's motion, the substance of the claims does not support vacating the judgement. Defendant's sole issue is that Attorney Katz communicated with his client by affidavit rather than phone call or other method. Defendant cites no precedent or case law that finds such method of communication inappropriate as a matter of law. For this reason, the Court finds that Defendant's argument regarding the Certification would not require the Court to set aside the judgment. For these further reasons, Defendant's motion is **Denied.**

## ORDER

Based on the foregoing, Defendant's motion to for relief from judgment is **Denied.**

Electronically signed on 8/28/2025 7:50 AM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge